ENRIQUE CASTRO MARTÍNEZ ET AL., Plaintiffs and Appellants, *v.* LAS MONJAS RACING CORPORATION, Defendant and Appellee.  LAS MONJAS RACING CORPORATION, Plaintiff and Appellee, *v.* ENRIQUE CASTRO MARTÍNEZ ET AL., Defendants and Appellants.

No. 8686 and 8687.   Argued December 2, 1943.—Decided March 6, 1944.

*Virgilio Brunet* and *José L. Navas* for appellants.  *Edgar S. Belaval* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

To settle a dispute arising out of a lease contract entered into by Las Monjas Racing Corporation, as lessor, and the assignees of the original lessees, Messrs. Castro and Salgado, two suits were filed in the District Court of San Juan. The first, brought by the sublessees, Castro and Salgado, prayed for a declaratory judgment interpreting the contractual relations existing between the parties due to an alleged modification of the original contract; and the second, brought by the lessor, prayed for the specific performance by the sublessees of the contract involved herein. Both cases involved the same question, and the district court decided both with one opinion. Both cases were appealed by Castro and Salgado, and will be disposed of here in one opinion.

The facts that gave rise to these cases may be stated as follows: On April 27, 1939, Las Monjas Racing Corpora-

tion leased to Edward Seremba and others the track for dog races, buildings, and land appurtenant thereto, located in Hato Rey, Puerto Rico, for a term expiring on December 31, 1947. The rental was 2 per cent of the gross income each evening races were held from the pool, pari-mutuel, subscription fund, and any other activity in connection with the dog races. This contract was modified by a written contract, dated September 21, 1939, increasing the 2 per cent rate to 4 per cent. On December 14, 1939 the lessees assigned the contract, as modified, to Salgado and Castro. In January 1940, the assignees began to run the business, and at that time there was a verbal agreement with the officers of the corporation for a change in the terms of the contract; viz., that the rental should be 2 per cent instead of 4 per cent on the gross income of the aforesaid activities. There was likewise a modification in connection with the subscription fund. The written contract stipulated that the percentage should be paid on the tickets issued for said subscription fund, and it was agreed that it should be paid on the tickets sold. There is no controversy over these facts.

The dispute arose as to the scope of the modifications made in the contract; that is to say, if they were permanent or, on the contrary, only for the time the lessor deemed it convenient. The assignees allege that the agreement reducing the rate to be paid on the gross income was to be in effect for all the time they might continue to operate the enterprise.

The district court weighed the evidence adduced. It believed the witnesses for the corporation and decided that the reduction of the rate to be paid by the sublessees was not a modification of the contract, but a mere temporary concession made by the lessor. In connection with the modification in regard to the subscription fund, the district court decided that, in spite of the fact that the corporation was disposed to make this modification permanent, that was not

accepted by the sublessees. Therefore, no modification whatsoever existed as to that phase of the contract.

Both cases having been appealed together, two errors were assigned, as follows:

"1. The lower court erred in weighing the evidence, when it declared that the lessees understood that the reduction made in January 1940 was temporary, and that upon the expiration of the agreed term they took steps to render such modification permanent; and in declaring that there was no verbal modification of the written contract of lease.

"2. The lower court committed an error of law when it declared that assuming that the parties agreed to the verbal modification of the written contract of lease, this modification was made without any consideration, and that the fact that the lessor accepted the rent. at the modified amount did not constitute a waiver of its right to demand in the future the rent originally agreed upon."

▆ The first alleged error refers to the appraisal of the evidence. No manifest error or passion, prejudice, or partiality has been alleged or appears from the record. We are therefore not at liberty to interfere with the findings of fact of the district court, in view of the fact that a conflict of testimony existed as to the alleged verbal modification of the written lease.

▆ We never reach the questions raised by the second alleged error, as the problems of law raised therein are predicated on the first alleged error, which, as we have already seen, was not committed by the lower court. That is to say, whether there was cause or consideration for the alleged -oral modification of the contract is academic, in view of the finding of fact by the district court that no oral modification as alleged occurred. [4] An in the same way, the contention that acceptance of the smaller amount constituted waiver of the higher amount of rent for the future is not before us for decision (cf. *Abarca* v. *Bank of Nova Scotia*, 46 P.R.R. 898) because the lower court, believing the corporation's wit-

nesses, found as a fact that the forgiveness of rent was temporary and specifically' conditioned as revocable at the will of the corporation.

The judgments of the district court will be affirmed.